UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PITTSFIELD DEVELOPMENT, LLC, an Illinois limited liability company, PITTSFIELD RESIDENTIAL II, LLC, an Illinois limited liability company, and PITTSFIELD HOTEL HOLDINGS, LLC, an Illinois limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM DAVID LYND,<br><br>Defendant. | Case No.: 1:19-cv-01321<br><br>Hon. Franklin U. Valderrama |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

AND NOW comes Defendant Adam David Lynd ("Lynd"), by and through its undersigned counsel, who respectfully moves this Honorable Court for an Order in his favor dismissing Plaintiffs' Second Amended Complaint (the "Sec. Am. Compl.") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

As set forth in the accompanying Memorandum of Law, Plaintiffs' causes of action should be dismissed for five reasons. First, the Sec. Am. Compl. is based on the same two conclusory allegations, which the Court has already deemed insufficient to maintain cause of action against Lynd when it dismissed the Am. Compl. (Doc. 35). Second, Plaintiffs have failed to state a claim for intentional interference with prospective economic advantage because Plaintiffs have not, and cannot, allege facts that establish the essential elements of this cause of action. Third, Plaintiffs' intentional interference with prospective economic advantage claims are barred by the applicable statute of limitations. Fourth, Plaintiffs have failed to state a claim for slander of title because

1

Plaintiffs have not, and cannot, allege facts that establish the essential elements of this cause of action. Moreover, even if Plaintiffs' had sufficiently alleged the elements of a slander of title claim, this cause of action still fails because the alleged statements – regardless if true of false –are absolutely privileged. Fifth, Plaintiffs' cannot state a claim for willful and malicious impairment to property because Illinois does not recognize any such cause of action.

Pursuant to your Honor's Case Procedures, on January 7, 2021, counsel for Lynd sent correspondence to Plaintiffs' counsel regarding the subject motion to dismiss. Plaintiffs' counsel has informed undersigned counsel that Plaintiffs object to the relief requested herein.

Pursuant to your Honor's Case Procedures and the Court's Eighth Amended General Order 20-0012, dated November 13, 2020, this motion will not be noticed for presentment pursuant to Local Rule 5.3(b).

WHEREFORE, Defendant Adam David Lynd respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss and dismissing Plaintiffs' Second Amended Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

DATED: January 12, 2021

    LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr.
Attorneys for Defendant Adam David Lynd
332 S. Michigan Ave., 9th Floor
Chicago, IL 60604
P: 716-853-5100
F: 716-853-5199
E: rscherer@lippes.com