UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PITTSFIELD DEVELOPMENT, LLC, an Illinois limited liability company, PITTSFIELD RESIDENTIAL II, LLC, an Illinois limited liability company, and PITTSFIELD HOTEL HOLDINGS, LLC, an Illinois limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM DAVID LYND,<br><br>Defendant. | Case No.: 1:19-cv-01321<br><br>Hon. Franklin U. Valderrama |

### DEFENDANT ADAM DAVID LYND'S BRIEF IN RESPONSE TO PLAINTIFFS'S MOTION TO AMEND AND/OR ALTER AND/OR RECONSIDER JUDGMENT

Defendant Adam David Lynd ("Lynd"), by and through his attorneys, Lippes Mathias Wexler Friedman LLP, submits this Brief in Response and Opposition to Plaintiffs Pittsfield Development, LLC, Pittsfield Residential II, LLC, and Pittsfield Hotel Holdings, LLC's (collectively "Plaintiffs") Motion, pursuant to Fed. R. Civ. P. 59(e), to alter and/or amend and/or reconsider the judgement entered by this Court on August 16, 2021.

### INTRODUCTION

After three pleading attempts, the Court properly dismissed Plaintiffs Second Amended Complaint with prejudice. (Doc. 64). Now, Plaintiffs bring a frivolous motion to reconsider the Court's dismissal of Count VI of the Sec. Am. Comp. for "willful and malicious injury to property." As detailed below, Plaintiffs have ignored the exacting standards required to justify reconsideration. Simply put, the Court should deny the motion and put an end to two-plus years of unnecessary and baseless litigation.

**LEGAL STANDARD**

It is well settled that a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation omitted). "In regard to the 'manifest error' prong, the Seventh Circuit has explained that a motion to reconsider is proper only when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Arroyo v. Volvo Grp. N. Am., LLC*, 2014 WL 12962067, at *2 (N.D. Ill. Nov. 5, 2014) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Said another way, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "In view of these exacting standards, it is not surprising that our court of appeals has opined that issues appropriate for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Arroyo*, 2014 WL 12962067, at *2 (quoting *Bank of Waunakee*, 906 F.2d at 1191).

**ARGUMENT**

Here, Plaintiffs have neither introduced new evidence nor identified manifest errors of law or fact. Instead, Plaintiffs argue that the Court should not have relied on *Martinez v. Sgt. Hain*,

2016 WL 7212501, at *7 (N.D. Ill. Dec. 13, 2016) when it dismissed Count VI. In relying on *Martinez*, the Court reasoned as follows:

> Moreover, Lynd argues in his Reply that the SAC does not actually allege a breach of a confidentiality agreement, and Plaintiffs only allege such a breach in their Response. Reply at 12. "'It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss,' and Plaintiffs cannot shore up the defects in the amended complaint by adding new 'facts' . . . ." *Martinez v. Sgt. Hain*, 2016 WL 7212501, at *7 (N.D. Ill. Dec. 13, 2016) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). The Court agrees with Lynd that the SAC is devoid of allegations that Lynd breached the confidentiality agreement, and Plaintiffs cannot rely on facts about the alleged breach included in their Response.

Doc. 64, at p. 23 (alternations in original). Now, Plaintiffs claim that the Court should have not relied on *Martinez* because it "is the minority view in the 7th Circuit Court of Appeals." Doc. 66, at p. 4. Importantly, Plaintiffs do not argue that the Court ignored controlling precedent or committed any manifest error of law when it relied – in part – on *Martinez*. Instead, Plaintiffs merely cited to two Seventh Circuit decisions that support the Plaintiffs' claim that it can add additional facts to the complaint in a brief opposing a motion to dismiss. *See Hrubec v. National Railroad Passenger Corporation*, 981 F.2d 962, 963-964 (7th Cir. 1992); *Early v. Bankers Life and Casualty Company*, 959 F.2d 75, 79 (7th Cir. 1992). Plaintiffs' argument, however, entirely misses the mark.

As set forth above, to constitute manifest error of law, Plaintiffs would need to argue that the Court in relying on *Martinez* ignored controlling precedent. The Court did not. In this regard, Plaintiffs have ignored the fact that fact that neither *Hubrec* nor *Early* are not controlling precedent in the Seventh Circuit. In fact, a simple cite check of these cases would have demonstrated there is conflicting Seventh Circuit case law on the topic. *See Brown v. LaSalle Nw. Nat. Bank*, 148 F.R.D. 584, 586 n.3 (N.D. Ill. 1993) (citing both *Hubrec* and *Early* while identifying a conflict in

the Seventh Circuit). In this regard, Plaintiffs fail to cite relevant cases from within this Circuit rejecting the very argument made here. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal."); *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057 (7th Cir. 1988) ("We have noted that the 'consideration of a motion to dismiss is limited to the pleadings,' and thus assertions contained only in the briefs may not be used to expand the allegations of the complaint." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984)). As Plaintiffs cannot argue that *Hubrec* or *Early* are controlling precedent ignored by the Court, Plaintiffs cannot demonstrate a manifest error of law and their motion for reconsideration must be denied.

Further, in moving for reconsideration, Plaintiffs ignore the very fact that the Court's dismissal of Count VI was only in part due to the tenants of *Martinez*. In this regard, in dismissing Count VI, the Court first held that even if Illinois law recognized[1] the tort of "willful and malicious injury to property" Plaintiffs would be required to allege a civil wrong. *See* Doc. 64, at p. 22. In their motion for reconsideration, Plaintiffs claim that the Court should have considered the allegation Lynd's alleged breach a certain confidentiality provision of the sales contract constituted a civil wrong. Ignoring for the moment that Lynd was not an individual party to the sales contract, the Court did in fact consider this argument, but noted that such an allegation was – regardless if found in the Sec. Am. Comp. – insufficient:

> Plaintiffs also argue that Lynd committed a civil wrong when he allegedly breached the sales contract, which included a confidentiality clause, when Partners filed the Cook County Lawsuit. Resp. at 14–15. But Plaintiffs fail to cite to—and the Court is not aware of—any authority supporting the proposition that a

---

[1] As argued in its motion to dismiss, it is Lynd's position that Illinois does not recognize the tort of willful and malicious injury to property.

> breach of contract can form the basis of malicious and wrongful impairment of property claim.

Doc. 64, at p. 23. Despite this clear and unequivocal finding, Plaintiffs in the present motion once again fail to point to any legal authority that a breach of contract can form the basis of a willful and malicious injury to property clam. It is respectfully submitted this is because none exists. In fact, case law in the bankruptcy context supports just the opposite. In this regard, 11 U.S.C. § 523(a)(6), renders nondischargeable a debtor's liability for "willful and malicious" injuries. Critically, however, even an intentional breach of a contract does not invoke 11 U.S.C. § 523(a)(6):

> Section 523(a)(6), however, does not apply to breaches of contract, even intentional ones. As the Supreme Court observed in *Kawaauhau*, the phrase "willful and malicious injury" is one that "triggers in the lawyer's mind the category 'intentional torts.'". Section 523(a)(6) is therefore limited to tortious conduct.

*In re Braverman*, 463 B.R. 115, 119 (Bankr. N.D. Ill. 2011) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)). Accordingly, Plaintiffs cannot ever prevail on Count VI of the Sec. Am. Comp. and the motion for reconsideration must be denied.

## CONCLUSION

In light of the foregoing, Plaintiffs have failed to set forth sufficient reasons for the Court to reconsider its Judgment dismissing Plaintiffs' Sec. Am. Comp. with prejudice. Accordingly, Lynd respectfully requests that this Court deny Plaintiffs' Motion pursuant to Fed. R. Civ. P. 59(e), to alter and/or amend and/or reconsider the judgement entered by this Court on August 16, 2021.

DATED: October 5, 2021         LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr.
Attorneys for Defendant Adam David Lynd
332 S. Michigan Ave., 9th Floor
Chicago, IL 60604
P: 716-853-5100
F: 716-853-5199
E: rscherer@lippes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I electronically filed the foregoing Memorandum of Law in Response and Opposition to Plaintiffs' Motion (Doc. 66) via the CM/ECF system, which should then send notification of such filing to all counsel of record.

*/s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr.
