IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pittsfield Development, LLC; Pittsfield Residential II, LLC; and Pittsfield Hotel Holdings, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Adam David Lynd,<br><br>Defendant. | No. 19-cv-01321<br>Judge Franklin U. Valderrama |

**ORDER**

Pittsfield Development, LLC (Development), Pittsfield Hotel Holdings, LLC (Hotel), and Pittsfield Residential II, LLC (Residential) (collectively, Plaintiffs) brought a six-count Second Amended Complaint (SAC) against Defendant Adam David Lynd (Lynd), asserting, among other claims, a claim for malicious and wrongful impairment of property (Count VI). R. 37, SAC.[1] On August 16, 2021, the Court entered a Memorandum Opinion and Order (the Order) granting Lynd's motion to dismiss and dismissing Plaintiffs' SAC with prejudice, thereby terminating the case. R. 64, Order. Plaintiffs now bring a motion to alter and amend the Court's judgment by seeking reconsideration of the Court's dismissal with prejudice of Count VI. R. 66, Mot. Reconsider. For the reasons stated below, Plaintiffs' motion is denied.

**Legal Standard**

Within 28 days after entry of judgment, the losing party may move to alter it under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion, the party must show that the Court committed a manifest error of law or fact, or that newly discovered evidence requires alteration of the judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F. 3d 939, 955 (7th Cir. 2013). Rule 59(e) motions to reconsider should be granted only in rare circumstances. *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). A party moving for reconsideration under Rule 59(e) bears the heavy burden of establishing that the court should reverse its prior judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Cincinnati Life Ins.*, 722 F. 3d at 954 (internal citation and quotation marks omitted). A court's ruling is not a "mere first draft[ ], subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

To prevail on a Rule 59(e) motion, a party must "clearly establish" that (1) the court committed a manifest error of law or fact, or (2) newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). The decision to grant a Rule 59(e) motion to reconsider lies in the sound discretion of the Court, and its ruling will only be disturbed upon a showing that the Court abused its discretion. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012).

**Analysis**

In their motion for reconsideration, Plaintiffs contend that the Court erred as a matter of law by holding that Plaintiffs could not amend their SAC in their response to Lynd's motion to dismiss. Mot. Reconsider at 4. Specifically, Plaintiffs take issue with the portion of the Order in which the Court found that the SAC was "devoid of allegations that Lynd breached the confidentiality agreement" and as such, held that Plaintiffs could not "rely on facts about the alleged breach included in their Response." *Id.* (citing Order at 23). In support of its holding, the Court relied on *Martinez v. Sgt. Hain*, 2016 WL 7212501, at *7 (N.D. Ill. Dec. 13, 2016) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). Order at 23.

On reconsideration, Plaintiffs now point to two Seventh Circuit cases that stand for a competing proposition: that "[a] plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal." Mot. Reconsider at 4 (quoting *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992)). Plaintiffs did not cite to *Hrubec* or *Early*—nor to any other authority—in their response to Lynd's motion to dismiss the SAC in support of the proposition that they should be allowed to allege additional facts consistent with the SAC in defending against Lynd's motion to dismiss. *See* R. 47, Resp. In fact, in their reconsideration motion, Plaintiffs acknowledge that the Seventh Circuit has held the opposite. Mot. Reconsider at 4 (arguing that the holding of *Martinez* is in the "minority view in the 7th Circuit").

In response, Lynd takes the position that neither "*Hubrec* nor *Early* are . . . controlling precedent in the Seventh Circuit," and argues that "there is conflicting

Seventh Circuit case law on the topic." R. 68, Resp. at 3–4 (citing *Brown v. LaSalle Nw. Nat. Bank*, 148 F.R.D. 584, 586 n.3 (N.D. Ill. 1993) (recognizing a Circuit conflict)). Lynd points to several cases, including the Seventh Circuit case cited in the Court's Order, standing for the proposition that a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.* at 4 (citing *Thomason*, 888 F.2d at 1205; *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057 (7th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))). Plaintiffs, in reply, argue that *Hrubec* and *Early* are the Seventh Circuit's most recent pronouncements on the issue, and as such are controlling precedent. R. 69, Reply at 3.

Lynd is correct that a conflict exists within the Circuit, but neither party cites to the most recent cases addressing said conflict. The Seventh Circuit most recently recognized it, and declined to resolve it, earlier this year in *Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*, 29 F.4th 337, 341 n.2 (7th Cir. 2022) (*comparing Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal."), *with United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (Rule 8 allows a plaintiff to add facts to the complaint "by affidavit or brief—even a brief on appeal.")); *see also Wisconsin Tech Sales, Inc. v. Tech Inc.*, 2022 WL 1568890, at *3 (W.D. Wis. May 18, 2022) (pointing out the conflict and the fact that the Seventh Circuit did not resolve it in *Marion*). Based on the existing conflict of law, Plaintiffs have not met their burden of demonstrating that the Court committed a manifest error of law by holding that Plaintiffs could not supplement the SAC in their response brief. Such a holding is supported by still-valid authority in this Circuit. *See Agnew*, 683 F.3d at 348; *Thomason*, 888 F.2d at 1205.

Because the Court finds that it did not commit a manifest error of law, it need not again wade into the parties' arguments about whether a breach of contract can support a case of action for willful and malicious injury to property. *See* Resp. at 4–5; Reply at 3–4.

Accordingly, for the reasons discussed above, Plaintiffs' Rule 59(e) motion to alter and amend the judgment is denied. This case remains closed.

Dated: August 2, 2022

                                                                       United States District Judge
Franklin U. Valderrama